# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

### DOCKET NO. 3:06-CV-482-W

| | |
|---|---|
| IN RE: <br> HLM DESIGNS, INC., et al., <br><br> Debtors. <br><br> STEPHEN GRAY, as Liquidating Trust Administrator of the HLM Design, Inc., Liquidating Trust, <br><br> Plaintiff, <br><br> vs. <br><br> DELOITTE & TOUCHE, LLP, <br><br> Defendant. | ORDER |

THIS MATTER comes now before the Court upon Defendant's Motion to Withdraw Reference pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011 (Doc. No. 1). Upon review of the pleadings, in which both parties have asserted their right to trial by jury, the Court finds cause to withdraw the reference to the bankruptcy court for purposes of trial. According to 28 U.S.C. § 157(e), "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." In this proceeding, the parties have refused such consent and the case must therefore be tried by jury before the district court.

However, in light of the bankruptcy court's familiarity with the underlying bankruptcy

proceedings and the demands of this Court's general civil and criminal docket, the Court does not find that uniformity or judicial economy will be promoted by immediate withdrawal of this proceeding from the bankruptcy court. Accordingly, the Court exercises its discretion to leave all pretrial matters for disposition by the bankruptcy court. In re Stansbury Poplar Place, Inc., 13 F.3d 122, 128 (4th Cir. 1993). Upon resolution of all pretrial matters, the above-captioned case shall be withdrawn to the United States District Court for the Western District of North Carolina for trial.

It is now, therefore, ORDERED that Defendant's Motion to Withdraw the Reference (Doc. No. 1) is GRANTED. It is further ORDERED that all pretrial matters shall remain before the bankruptcy judge until the above-captioned proceeding is ready for trial.

IT IS SO ORDERED.

Signed: February 7, 2007

Frank D. Whitney
United States District Judge